## Notaries Public

ADAMS, Deputy Attorney General, July 13, 1949.— We are in receipt of a request from your office for an opinion as to whether persons holding reserve commissions in the armed forces of the United States or in the Federally recognized Pennsylvania National Guard are eligible to hold office of notary public in Pennsylvania.

Article XII, sec. 2, of the Constitution of the Commonwealth of Pennsylvania reads as follows:

"Incompatible Offices. No member of Congress from this State, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this State to which a salary, fees or perquisites shall be attached. The General Assembly may by law declare what offices are incompatible."

Under the Act of May 15, 1874, P. L. 186, 65 PS §1, the General Assembly declared, inter alia, notaries public and offices of trust or profit under the Government of the United States, to be incompatible offices. However, by an amendment, the Act of July 2, 1941, P. L. 231, 65 PS §1, a proviso was enacted that the incompatible provisions should not apply to persons "who shall enlist, enroll or be called or drafted into the active military or naval service of the United

States or any branch or unit thereof during any war or emergency."

This proviso was held in Commonwealth ex rel. Crow v. Smith, 343 Pa. 446 (1942), ineffective to permit a municipal mayor to retain his office while on *active duty* under a commission as major in the United States Army. Later the Supreme Court declared any member of the armed forces on active duty to be the holder of an office of trust or profit under the United States, within the meaning of article XII, sec. 2, of our Constitution. See Commonwealth ex rel. Adams v. Holleran, 350 Pa. 461 (1944).

We are concerned, therefore, with the sole question of whether a person in the inactive reserve of the armed forces of the United States or of the Federally recognized National Guard fits into the same category. For an answer we need only to look to the language used by the Supreme Court itself in Commonwealth ex rel. Crow v. Smith, supra, where at pages 449 and 450 is found the following:

". . . Indeed, the Act of Congress of July 1, 1930, c. 784, 46 Stat. 841, as amended by the Act of June 15, 1933, c. 87, §3, 48 Stat. 154, U. S. C. A. Title 10, §372, in providing that 'Members of the Officers' Reserve Corps, *while not on active duty*, shall not, by reason solely of their appointments, oaths, commissions, or status as such, or any duties or functions performed or pay or allowances received as such, be held or deemed to be officers or employees of the United States, or persons holding any office of trust or profit or discharging any official function under or in connection with any department of the Government of the United States', suggests, by innuendo, that officers of the Reserve Corps, when they are on active duty, must be deemed to be persons holding an office of trust or profit under the United States." (Italics supplied.)

It would appear from this expression that our courts have adopted the definition spelled out by Congress as interpretative of the intention of the framers of the Constitution of this Commonwealth with respect to what is an office or appointment of trust or profit within the meaning and intent of article XII, sec. 2 of the Constitution of our Commonwealth. This conclusion is strengthened by the court's discussion of an officer's absence from State and country. On page 465 in Commonwealth ex rel. v. Holleran, supra, the court said:

". . . It was the intention of the makers of the Constitution to promote, as far as possible, a sound public policy. And certainly it is in the public interest to require that an elected or appointed officer be confined to the performance of the duties of his office, and prevented from leaving it without resigning to take office or employment elsewhere. In good public service a man cannot serve two masters or perform the duties of different offices . . . Civil government must be maintained. . . ."

We note that section 4 of the Act of May 18, 1949, P. L. 1440 (Act No. 426, effective September 1, 1949), reads:

"Disqualification; Exception.—The following persons shall be ineligible to hold the office of notary public. . . .

"(2) Every member of Congress and any person whether an officer, a subordinate officer, or agent holding any office or appointment of profit or trust under the legislative, executive, or judiciary departments of the government of the United States, to which a salary, fees, or perquisites are attached."

We conclude that a person in the inactive reserve of the armed forces of the United States or of the Federally recognized National Guard is not the holder of a Federal office of trust or profit.

In light of the foregoing, we are of the opinion, and you are advised, that persons otherwise qualified to hold the office of notary public in Pennsylvania are not disqualified solely by reason of their holding reserve commissions in the armed forces of the United States or in the Federally recognized National Guard.